Opinion issued December 31, 2009
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00694-CV
____________

ALEITHIA ARTEMIS, Appellant

V.

HOUSTON FIRE DEPARTMENT, Appellee




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2009-39569



 
MEMORANDUM OPINION

          On July 31, 2009, appellant, Aleithia Artemis, filed a notice of appeal of the
trial court’s July 27, 2009 interlocutory order sustaining the District Clerk’s contest
of Artmeis’s affidavit of inability to pay trial court filing fees and costs. In its order,
the trial court required Artemis to pay trial court filing fees in the amount of $11,002
by October 30, 2009, and it advised that the case would be dismissed without
prejudice if appellant failed to pay the fees and costs by that date. 
          The general rule, with a few mostly statutory exceptions, is that an appeal may
be taken only from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001). Interlocutory orders may be appealed only if allowed by statute. 
Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001). The July 27,
2009 interlocutory order which appellant attempts to appeal is not an order that is
made appealable by statute. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)
(Vernon 2008). We thus lack subject-matter jurisdiction over an appeal of the
interlocutory indigency order. See Kilsby v. Mid Century Ins. Co. of Tex., No.
14-07-00981-CV, 2008 WL 889428, at *1 (Tex. App.—Houston [14th Dist.] Apr. 3,
2008, no pet.) (memo. op.) (dismissing appeal of interlocutory order sustaining
challenge to affidavit of inability to pay costs); see also In re K.J.M., No.
02-08-038-CV, 2008 WL 703960, at *1 (Tex. App.—Fort Worth Mar. 13, 2008, no
pet.) (memo. op.) (dismissing appeal of interlocutory order sustaining challenge to
indigency affidavit and denying appointment of counsel to represent appellant in
habeas challenge to order of contempt in child-support-enforcement action).
          On September 30, 2009, this Court notified Artemis that, unless she
demonstrated, within 15 days, that we had subject-matter jurisdiction over her 
appeal, the appeal would be dismissed. See Tex. R. App. P. 42.3(a). More than 15
days have passed, and Artemis has not explained why subject-matter jurisdiction
exists. Because we lack subject-matter jurisdiction over this appeal, we must dismiss
it.
          Accordingly, we dismiss the appeal for lack of subject-matter jurisdiction and 
overrule any pending motions as moot.
 PER CURIAM
Panel consists of Justices Jennings, Higley, and Sharp.